UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREEN FITNESS EQUIPMENT COMPANY, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>PRECOR INC., et al.,<br><br>        Defendants. | Case No. 18-cv-00820-JST<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: ECF No. 33 |

Before the Court is David Morris's motion to intervene into a lawsuit between Plaintiff Green Fitness Equipment Company, LLC ("GFE") and Defendants Precor Inc. and 24 Hour Fitness USA Inc. ECF No. 33 at 1. On February 8, 2017, GFE sued Defendants for patent infringement, correction of inventorship, false advertising, California common law unfair competition, California statutory unfair competition, unjust enrichment, declaratory relief, and constructive trust and accounting. ECF No. 1 ¶¶ 36-85. Morris formerly worked as a sales representative for GFE. ECF No. 33-2 at 6. Morris seeks to intervene so he can sue Precor. *Id.* He contends that he would have "received substantial commission income" but for the "wrongful acts of Defendant Precor; which proximately resulted in the eleventh-hour cancellation by 24 Hour [Fitness] of its pending contract with GFE . . . ." *Id.* at 8. He seeks to bring California state law claims for false advertising, common law and statutory unfair competition, unjust enrichment, and constructive trust and accounting. ECF No. 33-1. Both Defendants and GFE oppose Morris's motion to intervene. [1] ECF Nos. 35, 36.

---

[1] In Defendants' opposition to Morris's motion, Defendants assert that the Northern District of California is not a proper venue. ECF No. 35 at 17. That question is not presently before the Court and the Court does not address it here.

I.   **INTERVENTION AS OF RIGHT**

To intervene as of right under Federal Rule of Civil Procedure 24(a),

> (1) the applicant's motion must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citation and internal quotation marks omitted). "Failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).

Morris claims he has a significantly protectable "interest in recovering damages to compensate him for loss of the commission income he would have received but for Precor's wrongful acts as alleged in the main action." ECF No. 33-2 at 15. However, to trigger a right to intervene, "an economic interest must be concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919-20 (9th Cir. 2004) (citations omitted) (finding prospective collectability of a debt did not trigger a right to intervene because it was "several degrees removed" from "backbone" of environmental enforcement action).

Here, Morris's potential commission income is too far removed from the essence of this intellectual property dispute. *See id.* To permit Morris to sue Precor in this case "would create an open invitation for virtually any creditor . . . to intervene in a lawsuit where damages might be awarded." *Id.* at 920 (citation omitted); *see also*, *Hawaii-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) ("Logically extended, the appellants' contention would give the right to intervene in the class action suit to all persons with potential claims against any party in the class action suit on the ground that the outcome of the class action suit may increase or decrease the collectability of their claims.")

Morris contends he has a "direct, significant, and protectable property interest required for intervention under Rule 24(a)." ECF No. 33-2 at 15. He cites several cases in support of his argument. These cases are inapposite because in each of them the putative intervenor had a more

1   direct interest in the underlying controversy. For example, in *Californians For Safe &*
2   *Competitive Dump Truck Transp. v. Mendonca*, the Ninth Circuit held that a union was properly
3   permitted to intervene in a suit about the enforceability of the prevailing wage law, because union
4   "members had a 'significant interest' in receiving the prevailing wage for their services as opposed
5   to a substandard wage." 152 F.3d 1184, 1189–90 (9th Cir. 1998). *See also Black & Veatch Corp.*
6   *v. Modesto Irr. Dist.*, No. 1:11-CV-00695-LJO, 2011 WL 4842319, at *8 (E.D. Cal. Oct. 12,
7   2011) (intervenor city had "interest in receiving a product for which it contracted, both free of
8   defects and fully functional," which was the same product at issue in the underlying suit);
9   *Commercial Dev. Co. v. Abitibi-Consol. Inc.*, No. C07-5172RJB, 2007 WL 2900191, at *4 (W.D.
10  Wash. Oct. 1, 2007) (real estate agent had interest in defending herself from potential liability
11  because Defendants in underlying suit would seek contribution from her if they lost); *Maclellan*
12  *Indus. Servs. v. Local Union No. 1176*, No. C06-04021 MJJ, 2006 WL 2884410, at *5 (N.D. Cal.
13  Oct. 10, 2006) (union permitted to intervene where separate union's case could affect intervening
14  union's contract rights).

15  The Court finds that Morris does not have a significantly protectable interest relating to the
16  subject of this litigation. Thus, even assuming that Morris met the other Rule 24(a) requirements,
17  the Court must deny his motion to intervene as of right.

18  **II.   PERMISSIVE INTERVENTION**

19  "Permissive intervention is committed to the broad discretion of the district court . . . ."
20  *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986). Federal Rule of Civil Procedure
21  24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common
22  question of law and fact between the movant's claim or defense and the main action." *Freedom*
23  *from Religion Found.*, 644 F.3d at 843 (citations omitted). "Where a putative intervenor has met
24  these requirements, the court may also consider other factors in the exercise of its discretion,
25  including 'the nature and extent of the intervenors' interest' . . . ." *Perry*, 587 F.3d at 955 (quoting
26  *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)). Additionally, "the
27  court must consider whether the intervention will unduly delay or prejudice the adjudication of the
28  original parties' rights." Fed. R. Civ. P. 24(b)(3).

1    Even assuming Morris had satisfied the threshold prerequisites, the nature and extent of
2    Morris's interest is speculative and several degrees removed from the underlying case. Even if
3    GFE prevails against Precor, Morris' claim will be far from established. He will still need to show
4    that Precor's conduct was a substantial factor in his inability to close certain sales; that GFE would
5    have paid him a commission on those sales; and the amount of that commission. In fact, it is
6    possible that the two sets of claims will not overlap at all. *See Med. Advocates for Healthy Air v.*
7    *U.S. E.P.A.*, No. CV 11-3515 SI, 2011 WL 4834464, at *4-*5 (N.D. Cal. Oct. 12, 2011) (after
8    finding that intervenor had not demonstrated a significantly protectable interest, denying
9    permissive intervention because the intervenor's interests were "too attenuated"). Additionally,
10   because Morris does not have any significantly protectable interest in this intellectual property
11   dispute, allowing intervention would unnecessarily complicate this litigation's case management.
12   *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (citation omitted) (denying
13   permissive intervention when "allowing intervention would only serve to undermine the efficiency
14   of the litigation process.").
15   Accordingly, the Court denies Morris's motion for permissive intervention.

### III. RULE 11 SANCTIONS

17   GFE "requests this Court to find Morris's motion to be frivolous and sanctionable under
18   Fed. R. Civ. P. 11 because it is not supported by any law or evidence." ECF No. 36 at 3. "A
19   motion for sanctions must be made separately from any other motion and must describe the
20   specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2); *See Campos v.*
21   *Colvin*, No. 13-CV-03327-SI, 2015 WL 2266692, at *4 (N.D. Cal. May 14, 2015) (denying
22   request for sanctions because movant failed to file a separate motion); *Gottschalk v. City & Cty. of*
23   *San Francisco*, 964 F. Supp. 2d 1147, 1168 (N.D. Cal. 2013) (denying motion for sanctions in part
24   because movant failed to "state a basis for sanctionable conduct.").
25   GFE neither filed a separate motion nor specified conduct that violated Rule 11(b). It
26   requests sanctions as part of its opposition to Morris's motion, in one conclusory sentence, and
27   without providing a factual basis. *See* ECF No. 36 at 3. The Court denies the request.

4

**CONCLUSION**

Morris's motion to intervene as of right, his alternative motion for permissive intervention, and GFE's request for sanctions are all DENIED.

**IT IS SO ORDERED.**

Dated:  June 19, 2018

_____
JON S. TIGAR
United States District Judge